Hulse et al. v. White, surviving Executor of Wainwright.

[173] HULSE AND ANOTHER v. WHITE, SURVIVING EXEC-
UTOR OF WAINWRIGHT.

1. In an action of covenant on a warranty, on a sale of lands, the plain-
tiff allowed to prove the value of his improvements as part of the damages
sustained.

2. In such action the defendant is not allowed to prove in diminution
of damages the profits received by plaintiff from the land.

This was an action of covenant, brought to recover the value
of certain lands conveyed with warrant by the testator to the
plaintiff, from whom the same had been subsequently recov-
ered by Jonas Dick and Elizabeth his wife, in an ejectment.

In this case the plaintiff offered to prove the value of cer-
tain improvements which he had put upon the lands in ques-
tion, in order to show the amount of damages which he had
sustained by the breach of covenant. This evidence was
objected to by *Stockton,* but the objection overruled. (a)

*Stockton,* for defendant, asked one of the plaintiffs' witnes-
ses whether the plaintiffs had not planted the ground and re-
ceived the profits while they were in possession. The question
was objected to by *Aa. Ogden,* on the ground that they were
answerable to the true owner for the *mesne* profits.

PER CUR. The question is not proper. The defendant
cannot avail himself of the use made by plaintiffs of the pro-
perty of another in order to lessen the damages. We must
suppose that the real owner will have satisfaction for the pro-
fits received from his land.

(a) See *Bender* v. *Fromberger,* 4 *Dall.* 445; *Marston* v. *Hobbs,* 2 *Mass.*
433; *Gore* v. *Brasier,* 3 *Mass.* 523; *Staats* v. *Ten Eyck,* 3 *Cains* 111;
*Pitcher* v. *Livingston,* 4 *John.* 1; *Morris* v. *Phelps,* 5 *Johns.* 49; *Horsford*
v. *Wright, Kirby* 3; *Liber* v. *Parsons,* 1 *Bay.* 19; *Guerard* v. *Rivers, Ib.*
265; *Caswell* v. *Wendell,* 4 *Mass.* 108; *Cooper's Justin* 607, 618, in which
last book all the authorities are collected and examined.